UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANIEL RAY REAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-00270-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW M. SAUL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Daniel Ray Reams seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied his claim for disability insurance benefits. Mr. Reams brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Reams' Motion for Summary Judgment and **GRANT** the Commissioner's.

# I

## A

Plaintiff Daniel Ray Reams filed an application for disability insurance benefits on November 30, 2016, alleging disability beginning September 18, 2016. [Transcript ("Tr.") 11.] This initial application was denied on March 14, 2017. *Id.* at 70–73. Mr. Reams requested reconsideration and a video hearing. *Id.* at 11. That hearing was held on November 30, 2017. [*See* Tr. 134; R. 7-1 at 1.] On January 23, 2018, Administrative Law Judge Tommye C. Mangus returned an unfavorable decision as to Mr. Reams' claim. [Tr. 8.] Mr. Reams then requested

review from the Appeals Council, who denied this request. *Id.* at 1.

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520. First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, the ALJ must determine whether a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. C.F.R. § 404.1530(d). If so, he is "disabled." If not, the analysis proceeds to the next step. *Id.* However, before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do *not* prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, the ALJ will consider whether a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy. If so, that claimant is "disabled." 20 C.F.R. § 404.1520(f).

Through Step 4 of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.

2003). At Step 5, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id*.; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at Step 1, the ALJ found Mr. Reams had not engaged in substantial gainful activity since the alleged disability onset date, September 18, 2016. [Tr. 14.] At Step 2, the ALJ found that Mr. Reams' severe impairments consisted of post-traumatic stress disorder (PTSD), anxiety, depression, cervicalgia, and degenerative joint disease of the ankles. *Id*. At Step 3, the ALJ determined that Mr. Reams did not have an impairment or combination of impairments that met or medically equaled the degree of severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 15.] Specifically, the ALJ found that Mr. Reams failed to present specific medical evidence sufficient to satisfy the paragraph B or paragraph C criteria with regards to listings 12.04, 12.06, and 12.15. *Id.* at 15–16. Next, based upon the evidence, the ALJ determined that Mr. Reams had a residual functional capacity (RFC) to perform a range of unskilled light work. *Id*. at 17–18. At Step 4, the ALJ acknowledged that Mr. Reams' impairments prevented him from performing any past relevant work. *Id.* at 20. At Step 5, however, after hearing testimony from the neutral vocational expert, the ALJ found that Mr. Reams could perform other work existing in significant numbers in the national economy. *Id.* at 20–21. Accordingly, the ALJ concluded that Mr. Reams was not disabled since September 18, 2016. *Id*. at 21. Mr. Reams filed this action for review on October 23, 2018. [R. 1.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611,

614 (6th Cir. 2003). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Reams presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision. Specifically, he argues (1) the ALJ erred at Step 3 in determining that Mr. Reams' PTSD and attendant limitations did not meet the criteria of Listing 12.15 in 20 C.F.R. Part 404, Subpart P, Appendix 1, and (2) that the ALJ's finding that Mr. Reams was not disabled was unsupported by substantial evidence and, relatedly, reflected an improper evaluation of Mr.

4

Reams' subjective complaints. [R. 7-1 at 2.] For the reasons set forth below, Mr. Reams' arguments do not warrant a reversal of the ALJ's determination.

A

First, Mr. Reams argues that the ALJ incorrectly found that the limitations stemming from his PTSD were not severe or extreme enough to meet the criteria under categories B or C of Listing 12.15 for Trauma- and stressor-related disorders. [R. 7-1 at 6–8.] As noted, at Step 3 of the sequential evaluation process, the claimant has the burden of showing that his impairments are equal or equivalent to a listed impairment. *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)). Further, because "the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary," the evidentiary standards for determining disability by meeting the listed impairments are stricter than the standards employed at later steps in the sequential evaluation process. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990); *see* 20 C.F.R. §§ 404.1526, 416.926. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. at 530 (emphasis in original); *see also Malone*, 507 F. App'x at 472 (quoting *Zebley*, 493 U.S. at 530).

A claimant only meets Listing 12.15 if his impairment "satisf[ies] the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The parties do not dispute that the circumstances leading to Mr. Reams' PTSD and attendant symptoms satisfy the requirements of Paragraph A of Listing 12.15. At issue is the ALJ's finding that Mr. Reams' impairments did not meet the criteria of Paragraph B or C. [*See* R. 7-1 at 8 (arguing that Mr. Reams "has marked limitations in almost every area of

5

functioning.").] To satisfy the paragraph B criteria, a person's mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15. To satisfy the paragraph C criteria, a claimant must show a mental disorder that is "serious and persistent," meaning that the claimant has a medically documented history of the disorder over a period of two years. *Id.* Under paragraph C, the claimant also must show that there is evidence of both medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder, in addition to "marginal adjustment," meaning minimal capacity to adapt to changes in the environment or to demands that are not already part of the claimant's daily life. *Id.*

**1**

The Court will first review the ALJ's findings as to the paragraph B criteria. Here, the ALJ considered the relevant evidence as to each of the four areas of mental functioning and concluded that Mr. Reams only suffered from mild or moderate limitations in the respective areas. [Tr. 15–17.] The ALJ also reasonably explained each of her respective determinations. For example, concerning Mr. Reams ability to interact with others, the ALJ explained that he has regularly lived with others and frequently accompanies his mother on errands outside of the home and, accordingly, concluded that he only had a moderate limitation in this area of mental functioning. *Id.*

Of the paragraph B determinations by the ALJ, Mr. Reams contests most vigorously the finding that he only had a moderate limitation with regards to his ability to concentrate, persist, or maintain pace. [R. 7-1 at 7–8; *see also* Tr. 16–17.] The ALJ did acknowledge and consider the VA's finding that Mr. Reams has chronic PTSD and the testimony at the hearing about the

6

attendant panic attacks and anxiety. [Tr. 16–17.] However, the ALJ ultimately concluded that Mr. Reams only had a moderate limitation in this area, explaining that "VA notes show inconsistent report[s] of panic attacks" and, further, that his capability to interact in other environments, including the hearing environment, was inconsistent with a marked or extreme limitation. *Id.* Mr. Reams did put forth a significant amount of evidence concerning his limitation in this area of mental functioning. [*See e.g., id.* at 33–35, 37, 187–195.] Nonetheless, the ALJ cited substantial evidence in support of her decision and adequately explained the reasoning behind her determinations in each of the four areas of mental functioning, this area included. At the very least, the ALJ cited specific, relevant evidence that "a reasonable mind might accept as adequate to support [her] conclusion." *Cutlip*, 25 F.3d at 286 (citation omitted). Further, great deference is to be given to an ALJ's determination of credibility where she weighs subjective complaints of a claimant against objective evidence in the record. *See Beavers v. Secretary of Health and Human Services*, 577 F.2d 383, 386–88 (6th Cir. 1978). The Court finds no error in regard to the ALJ's findings concerning the paragraph B criteria of Listing 12.15.

**2**

Mr. Reams' argument that the ALJ erred in finding that he did not meet the paragraph C criteria is also unavailing. Each of the three criteria within paragraph C of Listing 12.15 must be met in order for paragraph C to be satisfied. On the record, the failure to meet these criteria is more readily apparent. As noted above, to meet the paragraph C criteria, a claimant first must "have a medically documented history of the existence of the disorder over a period of at least 2 years . . . ." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15. According to Mr. Reams, however, he was diagnosed with PTSD on June 13, 2016, and there is nothing in the record that suggests an earlier diagnosis. [*See* R. 7-1 at 4; Tr. 322.] Thus, at the time of the ALJ's January 2018

7

decision, Mr. Reams did not have a documented history of the disorder spanning at least two years. In addition, the ALJ fully explained her determination that the two remaining paragraph C criteria were not met and cited substantial evidence in support of this determination. [*See* Tr. 17.] The Court finds no error in regard to the ALJ's findings concerning the paragraph C criteria of Listing 12.15. This established, the ALJ's findings concerning both the paragraph B and C criteria were supported by substantial evidence. As such, the Court finds no error in the ALJ's determination that Mr. Reams did not meet Listing 12.15.

## B

Next, Mr. Reams claims that the ALJ's finding that he was not disabled is not supported by substantial evidence and, relatedly, reflected an improper evaluation of Mr. Reams' subjective complaints. [R. 7-1 at 8, 12.] Mr. Reams' arguments on these issues relate predominantly to the RFC assessment by the ALJ, Step 4 of her analysis. [*See* R. 7-1 at 12 (arguing that "[t]he totality of the record does not support the RFC assigned to the claimant.").

The RFC assessment is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34,474, 34,475 (Jul. 2, 1996). More simply, the RFC is "what an individual can still do despite his or her limitations." *Id.* The ALJ, "[i]n assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). Notably, the ALJ is required to incorporate only those limitations she finds credible into the RFC assessment. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Mr. Reams' concerns with the ALJ's RFC assessment are, at base, disagreements with the weight accorded certain evidence in the record.[1]  Specifically, he asserts that his subjective complaints are supported by the objective medical findings.  Thus, he argues that the ALJ has failed to consider the record in its totality and instead focused only on certain portions of the record that supported her ultimate RFC assessment.  [*See* R. 12–13.]  In support of these arguments, Mr. Reams largely restates the evidence regarding his impairments and alleged limitations but, as stated by the Commissioner, fails to "engage with the ALJ's actual analysis or otherwise suggest in what manner the ALJ's assessment was flawed or insufficient."  [R. 9 at 9.]

Mr. Reams is essentially asking this Court to re-weigh the facts of the record, which is beyond the scope of review. Again, the question before this Court is simply whether the ALJ's decision is supported by substantial evidence.  *See Ulman*, 693 F.3d at 714; *see also Hall v. Colvin*, No. CV 15-181-DLB, 2017 WL 111926, at *3 (E.D. Ky. Jan. 11, 2017).  Indeed, Mr. Reams' arguments regarding the RFC assessment amount to allegations that the ALJ "cherry-picked" evidence to support the RFC finding, which, given the standard of review, are rarely successful arguments.  *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (rejecting a similar allegation on the grounds that it "would require a court to re-weigh record evidence.").  In fact, at Step 4 of the analysis, the ALJ carefully reviewed the entire record and explained at length her finding that Mr. Reams was capable of doing unskilled light work with the limitations specified.  [Tr. 17-20.]  As the trier of fact in this context, the ALJ properly discounted Plaintiff's subjective complaints and symptoms to the extent they lacked credibility in

---

[1] Notably, at no point in Mr. Reams' memorandum does he attack the ALJ's Step 5 determination concerning which jobs may accommodate the claimant's RFC.  Nor does he attack, with any clarity, the related testimony of the vocational expert.  Instead, his arguments as to the RFC are limited to the ALJ's RFC determination itself.  Here, the burden remains on the claimant. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) ("The burden of proof is on the claimant throughout the first four steps of th[e] process to prove that he is disabled.")

9

light of certain objective medical evidence. *Beavers*, 577 F.2d at 387 (discussing the advantage an ALJ has in making credibility determinations given her role as finder of fact in the hearing setting). Because the ALJ properly incorporated the limitations that she found credible into her RFC assessment and because substantial evidence supports the RFC determination, there is no error.

III

Each of the various determinations made by the ALJ as to Mr. Reams' claims were supported by substantial evidence and adequately explained. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Daniel Ray Reams' Motion for Summary Judgment [**R. 7**] is **DENIED**, and the Commissioner's Motion for Summary Judgment [**R. 9**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 20th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge